IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| STACEY MUMMERT | ) | |
| | ) | |
| v. | ) | NO. 3:09-0795 |
| | ) | |
| RICHARD DILLARD, et al. | ) | |

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order April 14, 2010 (Docket Entry No. 28), the Court referred this action to the Magistrate Judge for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispostiive motions under 28 U.S.C. § 636(b)(1), and to conduct any necessary proceedings under Rule 72 of the Federal Rules of Civil Procedure.

Presently pending is the motion to dismiss (Docket Entry No. 27) filed by Defendants Bob Barker and Sumner County, Tennessee, to which the Plaintiff has not filed a response in opposition.[1] For the reasons set out below, the Court recommends that the motion to dismiss be granted and this action be dismissed.

## I. BACKGROUND

The Plaintiff filed this action on August 31, 2009, against Sumner County, Tennessee ("Sumner County"), Sumner County Sheriff Bob Barker ("Barker"), and former Sumner County

---

[1] By Order entered April 30, 2010 (Docket Entry No. 31), the Court gave the Plaintiff until May 21, 2010, to file a response to the motion to dismiss.

Sheriff's Department Officer Richard Dillard ("Dillard"). The Plaintiff alleges that she was sexually assaulted by Defendant Dillard while an inmate at the Sumner County Jail in September 2008, and seeks damages based on civil rights claims brought under 42 U.S.C. § 1983 and on claims brought under state law.

Defendants Sumner County and Barker answered the Complaint and have defended the action. On October 19, 2009, orders were entered setting out pretrial deadlines and setting the action for a jury trial on February 1, 2011. See Docket Entry Nos. 16-17. Defendant Dillard failed to respond to the complaint and, by Order entered October 23, 2009 (Docket Entry No. 18), the Clerk entered default against him. To date, the Plaintiff has taken no action to secure a default judgment against Defendant Dillard.

Although the Plaintiff was represented by counsel when the action was filed and during part of the preliminary stages of the action, counsel's motion to withdraw from the action was granted on March 4, 2010. See Docket Entry No. 24. The Plaintiff was given until April 1, 2010, to secure new counsel or she would be presumed to proceed pro se. An appearance of record has not been entered on behalf of the Plaintiff by replacement counsel.

On April 13, 2010, Defendants Sumner County and Barker filed the pending motion to dismiss. The Defendants seek dismissal of the action against them under Rule 37(d) of the Federal Rules of Civil Procedure based upon the Plaintiff's failure to serve responses to the Defendants' interrogatories. The Defendants assert that they served interrogatories and requests for production of documents on the Plaintiff on November 17, 2010, but that the Plaintiff has not served responses to their discovery requests despite counsel for the Defendants having provided several extensions of time to answer and despite attempts by counsel for the Defendants to obtain responses to the interrogatories without court action. See Motion and Memorandum (Docket Entry No. 27), at 2-4, and Attachments B and C (Docket Entry Nos. 27-2 and 27-3).

2

## II. ANALYSIS

The Defendants' motion to dismiss should be granted. Rule 37(d) of the Federal Rule of Civil Procedure provides that the Court may, upon motion, impose sanctions if a party fails to respond after being properly served with interrogatories. Such sanctions may include any of the orders listed in Rule 37(b)(2)(A)(I)-(vi), including "dismissing the action or proceeding in whole or in part." Rule 37(b)(2)(A)(v). See U.S. v. Reyes, 307 F.3d 451, 457-58 (6th Cir. 2002).

The imposition of sanctions or the type of sanctions imposed under Rule 37 is within the sound discretion of the Court based on the facts of each particular case. See National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 642, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); Regional Refuse Systems v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir. 1988). Factors to be considered in determining whether the sanction of dismissal is appropriate include: (1) whether there is willfulness, bad faith, or fault on the part of the party in failing to cooperate in discovery; (2) whether the adversary was prejudiced by the opposing party's failure to cooperate in discovery; (3) whether the non-cooperative party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions are appropriate. Taylor v. Medtronics, Inc., 861 F.2d 980, 987, (6th Cir. 1988); Regional Refuse Systems, supra.

The Plaintiff's conduct in this case warrants dismissal of the claims against Defendants Sumner County and Barker under Rule 37(d). The Plaintiff was originally served with interrogatories on November 17, 2010, yet has not made any type of response. The Plaintiff has certainly had the opportunity and ability to serve responses to the discovery requests. The Plaintiff has not offered any explanation as to why she has failed to respond to the discovery requests, and her failure in this regard permits the Court to presume willfulness and bad faith on the part of the Plaintiff. See Reyes, 307 F.3d at 458. Additionally, the Defendants have been prejudiced by the Plaintiff's failure to cooperate because they have been prevented from obtaining fact discovery and

3

have been hindered in defending the claims brought against them. The Plaintiff was warned by the Defendants that they would seek dismissal as a sanction for her failure to engage in discovery and the pending motion to dismiss also provides notice of possible dismissal due to her failure to engage in discovery. Reyes, supra. Given the Plaintiff's failure to respond in any manner to either formal or informal attempts by the Defendants to resolve this matter and her failure to make any response to the motion to dismiss, a lesser sanction is not workable or warranted.[2]

Furthermore, the Plaintiff's conduct merits dismissal of not only the claims brought against Defendants Sumner County and Barker, but of the action in its entirety. It is well-settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. See Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980). The Plaintiff's failure to engage in discovery as set out supra evidences a clear record of delay and a failure to prosecute on her part. Additionally, the Plaintiff's lack of interest in prosecuting the action is evidenced by: (1) her failure to respond in any manner to the pending motion to dismiss despite being warned that the action could be dismissed if she did not respond; (2) her failure to communicate with the Court in any manner subsequent to her counsel's withdrawal from the action on March 4, 2010; and (3) her failure to take any steps to secure a default judgment against Defendant Dillard after default was entered on October 23, 2009.

---

[2] While the Defendants could have filed a motion to compel the Plaintiff to respond to the written discovery, Rule 37(d) does not require a court order compelling discovery prior to seeking dismissal as a sanction. See Reyes, 307 F.3d at 457-58; Reitz v. City of Mt. Juliet, 2009 WL 4160254 (M.D. Tenn. Nov. 20, 2009) (Trauger, J.). Given the Defendants' repeated and unavailing attempts to obtain discovery responses from the Plaintiff, the Court finds that lesser sanctions would be likewise unavailing.

4

Because of the Plaintiff's conduct, this case is effectively in the same place it was in the fall of 2009. No discovery has taken place and the Defendants have been prejudiced by being unable to resolve the claims brought against them and by being required to expend funds because of the need to address discovery issues. While the Court recognizes the difficulty faced by a plaintiff whose counsel withdraws mid-case and who must proceed pro se, the instant Plaintiff has not made any type of pro se filing or indicated to the Court in any manner that she has made any effort to obtain replacement counsel, despite the passage of almost four months since her attorney was permitted to withdraw.

The Plaintiff has exhibited an unwillingness to prosecute the action in the normal fashion. Dismissal of the action with prejudice is appropriate in light of the Plaintiff's lack of interest in the action, the impasse in the action caused by Plaintiff's conduct, and the needless expenditure of resources by both the Court and Defendants caused by Plaintiff's conduct.[3]

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 27) be GRANTED and that Defendants Sumner County, Tennessee and Bob Barker be DISMISSED from the action. The Court also RECOMMENDS that the action be DISMISSED with prejudice in its entirety under Rule 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District

---

[3] The 14 day period for filing objections to this Report and Recommendation will give the Plaintiff yet another opportunity to indicate her interest in prosecuting this case.

Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

*Juliet Griffin*
JULIET GRIFFIN
United States Magistrate Judge